UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:21-cv-1369

NICK VILLEGAS,

       Plaintiff,

v.

TERRAPIN TOWER ROAD, LLC, d/b/a Hampton Inn Denver Airport,
TERRAPIN STAFFING CORP.,
TOWER ROAD LLC, and MICHAELA FITZGERALD, an individual,

       Defendants.

## COMPLAINT

### INTRODUCTION

1. Plaintiff Nick Villegas ("Plaintiff") worked as an Assistant General Manager for Defendants' hotel for approximately two and a half years. Toward the end of his employment, on paper he was laid off due to the pandemic. However, the General Manager of the hotel asked him to continue working a few days a week, with the promise that when the company allowed him to return to full time status that they would compensate him for the hours he had worked as vacation time. Unfortunately, however, that never happened. Ultimately Defendants wholly failed to pay him for at least 133.56 hours of work over a 5-6 month period.

2. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants Terrapin Tower Road, LLC, d/b/a Hampton Inn Denver Airport, Defendant Terrapin Staffing Corp. and Michaela Fitzgerald, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Overtime and Minimum Protections Order (the "COMPS").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' hotel located at 6290 Tower Rd, Denver, CO 80249.

## PARTIES

**Defendant Terrapin Tower Road, LLC** d/b/a Hampton Inn Denver Airport

6. Defendant **Terrapin Tower Road, LLC** d/b/a Hampton Inn Denver Airport (hereinafter "Terrapin") is a corporation doing business within Denver County, whose principal place of business is located at 6290 Tower Rd, Denver, CO 80249. Its registered agent is listed with the Colorado Department of State as Cogency Global Inc. with an address of 7700 E Arapahoe Road, Suite 220, Centennial, CO 80112.

7. At all relevant times, Defendant Hampton Inn Denver Airport had annual gross revenues in excess of $500,000.

8. Defendant Terrapin operates a hotel located at 6290 Tower Rd, Denver, CO 80249 which does business as Hampton Inn Denver Airport.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Villegas v. Hampton Inn Denver Airport*
USDC, District of Colorado

Complaint
Page 2

9. At all relevant times, Defendant Hampton Inn Denver Airport was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. At all times material to this action, Defendant Hampton Inn Denver Airport was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Terrapin Staffing Corp.**

11. Defendant **Terrapin Staffing Corp.** (hereinafter "Terrapin Staffing") is a foreign corporation whose principal place of business is located at 12600 N. Featherwood Dr., Suite 101, Houston, TX 77034.

12. Terrapin Management and Investment is an enterprise consisting of several corporate entities that collectively are in the business of, *inter alia*, operating hotels such as the one at which the Plaintiff worked.

13. At all relevant times, the corporate Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

14. Terrapin Staffing is the entity listed on the Plaintiff's paychecks and W2s.

15. At all relevant times, Defendant Terrapin Staffing had annual gross revenues in excess of $500,000.

16. At all relevant times, Defendant Terrapin Staffing was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

17. At all times material to this action, Defendant Terrapin Staffing was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Villegas v. Hampton Inn Denver Airport*
USDC, District of Colorado

Complaint
Page 3

**Defendant Michaela Fitzgerald**

18. Defendant Michaela Fitzgerald, an individual, resides in Colorado.

19. At all times material to this action, Defendant Fitzgerald served as the General Manager of the Hampton Inn at issue.

20. At all times material to this action, Defendant Fitzgerald exercised substantial control over the functions of the hotel's employees including Plaintiff. For example, she had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

21. Defendant Fitzgerald was the individual who asked Plaintiff to stay on and work, in return for later compensation.

22. At all times material to this action, Defendant Fitzgerald was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Nick Villegas**

23. Plaintiff Nick Villegas is a resident of Denver, Colorado, which is in Denver County.

24. Plaintiff Villegas worked for Hampton Inn Denver Airport as a full time Assistant General Manager from September 1, 2017 to March 2020.

25. Plaintiff's primary supervisor was Defendant Michaela Fitzgerald.

26. From April 2020 to September 2020, Plaintiff continued to work at the hotel for at least another 133.56 hours for which he was unpaid.

27. At all times material to this action, Plaintiff Villegas was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

28. His rate of pay was supposed to be $54,000 per year.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Villegas v. Hampton Inn Denver Airport*
USDC, District of Colorado

Complaint
Page 4

29. To determine his "regular rate" we divide this by 52 weeks, and then by 40 hours per week. This yields an hourly rate of $25.96. That times the 133.56 hours for which he was unpaid comes to $3,467.42.

30. Rather than his actual rate of pay Defendants only compensated the Plaintiff at a rate of $48,156 a year.

31. For the approximately 3 years before his "lay off" this results in an underpayment of $5,844/year, or $17,532 in all.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

32. Plaintiff reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

**Failure to Pay Minimum Wage**

33. Defendants failed to pay Plaintiff the minimum wage for all hours worked, in violation of the FLSA.

34. In fact, for the hours he worked in April through September 2020, Defendants did not pay him anything at all.

**Willful & Not Based on Good Faith & Entitlement to Damages**

35. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

36. At all relevant times, Defendants knew of the FLSA's requirements regarding minimum wage, overtime, tip credits, and break. In paying Plaintiff in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

37. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Villegas v. Hampton Inn Denver Airport*
USDC, District of Colorado

Complaint
Page 5

38. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### COLORADO WAGE ACT VIOLATIONS

39. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

40. The Defendants were Plaintiff's "employer" as that term is defined by the Wage Order. 7 C.C.R. 1103-1(2).

41. Plaintiff is Defendants' "employee" as that term is defined by the Wage Order because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

### *Failure to Pay Minimum Wage*
**(Violation of the C.R.S. § 8-6-101 *et seq*.; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

42. The Defendants failed to pay Plaintiff at a rate at or above the applicable minimum wage rate for all hours worked in the workweek.

43. Specifically, Defendants did not pay Plaintiff anything at all for the time that he worked in April to September 2020.

### *Failure to Pay Wages When Due*
**(Violation of the C.R.S. § 8-6-103)**

44. The Defendants failed to pay Plaintiff all his earned wages when due.

### *Failure to Pay All Earned Wages*
**(Violation of the C.R.S. § 8-6-109)**

45. Plaintiff has been separated from employment with Defendants.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Villegas v. Hampton Inn Denver Airport*
USDC, District of Colorado

Complaint
Page 6

46. Defendants have failed to pay Plaintiff all his wages and compensation earned during Plaintiff's employment.

*Failure to Tender Payment in Respond to Wage Demand*
**(Violation of the C.R.S. § 8-4-109)**

47. Plaintiff, through counsel, propounded a Colorado wage demand letter dated January 29, 2021.

48. In response to this letter, Defendants did not tender any payment for wages claimed to be due to Plaintiff.

49. More than 14 days have elapsed since January 29, 2021.

50. Defendants owe Plaintiff statutory damages equal to 125% for the first $7,500 owed to him, 50% of the remainder, and another 50% of those combined amounts because their failure to tender payment was willful, pursuant to § 8-4-109.

*Damages*

51. Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

### As And For A Third Cause of Action:
### CIVIL THEFT OF SERVICES (CONVERSION)

52. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

53. By failing to pay the Plaintiff all of his wages or compensation, Defendants have committed theft of services.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Villegas v. Hampton Inn Denver Airport*
USDC, District of Colorado

Complaint
Page 7

54. Pursuant to COMPS #36, § 8.4, failure to pay an employee less than the minimum wage and willful refusal to pay wages or compensation, or false denial of the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, coerce, delay, or defraud the person to whom such indebtedness is constitute theft under C.R.S. § 18-4-401.

55. Defendants failed to pay the Plaintiff at or above the minimum wage from April to September of 2020.

56. Defendants also willfully refused to pay the wages or compensation claimed in his demand letters.

57. Pursuant to CRS § 18-4-405, Defendants are liable to the Plaintiff for three times the amount of the actual damages sustained in addition to costs of the action and reasonable attorney fees.

### As And For A Fourth Cause of Action:
### BREACH OF CONTRACT & UNJUST ENRICHMENT

58. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

59. To the extent that any of the Plaintiff's work as herein described is not covered under the other statutes or causes of action, Plaintiff brings breach of contract and/or unjust enrichment claims as alternative theories of relief.

60. Plaintiff claims the greater of the relief available to him but does not seek duplicative recovery.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Villegas v. Hampton Inn Denver Airport*
USDC, District of Colorado

Complaint
Page 8

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)   Award Plaintiff unpaid and underpaid wages due under the FLSA and the Colorado Wage Laws; and

(B)   Award Plaintiff liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C)   Award Plaintiff statutory damages as provided for by Colorado law; and

(D)   Award Plaintiff three times the amount of the actual damages sustained; and

(E)   Award Plaintiff interest; and

(F)   Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(G)   Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **19th** day of **May, 2021.**

ANDERSONDODSON, P.C.

*s/ Penn Dodson*
**Penn A. Dodson**
penn@andersondodson.com
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 tel.
(646) 998-8051 fax

Attorney for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Villegas v. Hampton Inn Denver Airport*
USDC, District of Colorado

Complaint
Page 9